IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN LOUISE WHITEHILL,** | : | **CIVIL ACTION NO. 1:13-CV-2802** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CAROLYN W. COLVIN, Acting** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| Defendant | : | |

# ORDER

AND NOW, this 16th day of March, 2015, upon consideration of the report (Doc. 14) of Magistrate Judge Gerald B. Cohn, wherein Judge Cohn recommends the court dismiss the appeal (Doc. 1) of plaintiff Karen Louise Whitehill and affirm the decision of the administrative law judge ("ALJ") denying plaintiff's application for disability insurance benefits, and concludes that the ALJ's decision is supported by substantial evidence, and, after an independent review of the record, the court in agreement with Judge Cohn that substantial evidence supports the ALJ's decision, see 42 U.S.C. § 405(g) (requiring the district court to accept as "conclusive" any factual finding by the ALJ "supported by substantial evidence"); see also Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) ("Where . . . findings of fact are supported by substantial evidence, [the district court is] bound by those findings, even if [the court] would have decided the factual inquiry differently."), and it appearing that neither party has filed objections to the magistrate judge's report, and that there is

no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 19) of Magistrate Judge Cohn is ADOPTED.

2. The decision of the Commissioner of Social Security ("Commissioner") denying Karen Louise Whitehill's application for disability insurance benefits is AFFIRMED.

3. The Clerk of Court shall enter judgment in favor of the Commissioner and against Karen Louise Whitehill as set forth in paragraph 2.

4. The Clerk of Court is directed to close this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in according with this Third Circuit directive.